```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AKHTAR ALI,
                          Plaintiff,                    MEMORANDUM & ORDER
         - against -
                                                        14-cv-313 (SLT) (CLP)
NEW YORK CITY DEPARTMENT OF
TRANSPORTATION and KISKA CONTRUCTION,
INC.,
                          Defendants.
------------------------------------------------------------X
AKHTAR ALI,
                          Plaintiff,
         - against -                                    14-cv-312 (SLT) (CLP)

NEW YORK CITY ENVIRONMENTAL CONTROL
BOARD, NEW YORK CITY DEPARTMENT OF
BUILDINGS, NEW YORK CITY HOUSING
PRESERVATION AND DEVELOPMENT and
NEW YORK CITY OFFICE OF THE MAYOR,

                          Defendants.
------------------------------------------------------------X
```

**TOWNES, United States District Judge,**

On January 15, 2014, plaintiff Akhtar Ali, proceeding *pro se*, filed two complaints pursuant to 42 U.S.C. § 1983, which were assigned docket numbers 14-cv-312 and 14-cv-313, against, *inter alia*, various New York City municipal entities for issuing allegedly improper building violations and work permits in connection with several adjacent properties located on Jamaica Avenue in Queens County, New York. The municipal defendants have moved to dismiss pursuant to Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure on the grounds that, *inter alia*, Plaintiff lacks standing to pursue the instant action because he is not the owner of any of the properties at issue. For the following reasons, the Court is inclined to grant the motion. **However, in light of Plaintiff's *pro se* status, out of an abundance of caution, the**

**Court hereby grants Plaintiff until November 17, 2014 to submit evidence establishing his legal ownership of the properties at issue.**

## Legal Standard

A motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is the appropriate mechanism for challenging a plaintiff's constitutional standing to bring a particular claim. *See W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 104 (2d Cir. 2008). "The party invoking federal jurisdiction bears the burden of establishing" the court's jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). As the Second Circuit explained in *Robinson v. Gov't of Malaysia*:

> In a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the defendant may challenge either the legal or factual sufficiency of the plaintiff's assertion of jurisdiction, or both. How the district court proceeds to resolve the motion to dismiss depends upon whether the motion presents a factual challenge. If the defendant challenges only the legal sufficiency of the plaintiff's jurisdictional allegations, the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff. But where evidence relevant to the jurisdictional question is before the court, the district court may refer to that evidence.

269 F.3d 133, 140 (2d Cir. 2001) (quotation marks, brackets, ellipses, and citations omitted); *see also Patino v. Chertoff*, 595 F. Supp. 2d 310, 312 (S.D.N.Y. 2009). Thus, "[i]n resolving a factual challenge to subject matter jurisdiction under Rule 12(b)(1), a district court may[, not only] refer to evidence outside the pleadings [and]... weigh the evidence on the record[, but may also] ... hold an evidentiary hearing, and decide for itself the merits of the jurisdictional dispute." *Tabor v. Bodisen Biotech, Inc.*, 581 F. Supp. 2d 552, 557-58 (S.D.N.Y. 2008) (quotation marks and citations omitted); *see also Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (noting that "[t]o the extent that ... defendants's Rule 12(b)(1) motion placed jurisdictional facts in dispute ... the district court properly considered evidence

outside the pleadings."); *Alliance For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 89 & n.7 (2d Cir. 2006) (explaining that "the District Court has leeway as to the procedure it wishes to follow," where "Defendants' motion ma[k]e[s] a factual challenge to the Plaintiffs' Article III standing, not merely a facial challenge that accepts the jurisdictional facts pleaded and challenges only their sufficiency.")

## Relevant Background and Procedural History

On January 15, 2014, Ali filed two complaints. The first, which was assigned docket number 14-cv-312 [hereinafter the '312 action], alleges that Ali "owns property located at 97-19 Jamaica Avenue in Queens, NYC," and in violation of his constitutional rights, the Department of Buildings "came and shut down the building under false premises [*sic*] for a violation 34620962J indicating structural instability and fabricated allegations surrounding the presence of termites." ('312 Compl.) He alleges that the "building was padlocked[,] ... every tenant was evacuated," and municipal defendants "brought their own contractor to do unrequired repairs and overcharge[d Ali] thousands of dollars." (*Id.*) Ali alleges that he was deprived of his federal due process rights because, *inter alia*, he was never served with Violation No. 34620962J and that municipal defendants discriminated against him because he is an immigrant. He also asserts that he has been "fined for various fictional water bill charges of $12,000.00 ... [and] received sanitation tickets" while the building was unoccupied, in violation of his constitutional rights. (*Id.*)

In his second complaint, which was assigned docket number 14-cv-313 [hereinafter the '313 action], Ali alleges that he "owns [several] lot[s] on Jamaica Avenue between 97 Street and 98 Street in Queens, NYC." He alleges that throughout the year 2012, the New York City Department of Transportation permitted Kiska Construction, Inc. "to erect a 8-12 foot fenced

3

enclosure in front of [his] adjoining properties at 97-14, 97-16, and 97-18 (and protruding into 97-20) Jamaica Avenue." ('313 Compl.) This enclosure caused "material damage to [Ali's] business" of renting out the storefronts, by "block[ing] passers by [*sic*] from seeing the storefront[s, causing] the properties [to] remain[] empty," and creating "a haven for vandals to attack [Ali's] building." (*Id.*)

Municipal defendants have moved to dismiss both complaints for, *inter alia*, lack of standing, on the grounds that a number of limited liability companies, and not Ali, were the owners of the properties at issue during the relevant time period. In support of their motions, municipal defendants have provided the last recorded deed for each property at issue, which seem to establish that Ali was not the owner of any of the properties at issue during the relevant time periods.

The recorded deeds reveal that in July 2005, Ali sold most of the properties at issue in the '313 action to several limited liability corporations. According to the recorded deeds, as of July 2005, Baquir Holdings, LLC, is the owner of 97-14 Jamaica Ave; Hussain Consulting Group, LLC is the owner of 97-16 Jamaica Ave; and Sajjad Enterprises, LLC is the owner of 97-18 Jamaica Ave. ('313 Selvin Aff., Exs. D and E.) Ali also sold 97-20 Jamaica Ave to Sajjad Enterprises, LLC in July 2010. ('313 Selvin Aff., Ex. E.)

With regard to the property at issue in the '312 action, according to the last recorded deed, Ali sold 97-19 Jamaica Ave to Mohammedi Property Management, LLC in 2005. ('312 Selvin Aff., Ex. A.) Municipal defendants have also submitted copies of Violation No. 34620962J, which was issued on November 20, 2007 to *Mohammedi Property Management*, not Plaintiff Ali, and correspondence from 2007 and 2008 from the Department of Buildings concerning the complained-of emergency repairs, all of which are addressed to Mohammedi

Property Management. ('312 Selvin Aff., Exs. B, G, K.) Moreover, it is Mohammedi Property Management, (through its managing agent, Samina Ali), and not Plaintiff, who made multiple requests for adjournments in the municipal administrative proceedings pertaining to Violation No. 34620962J. ('312 Selvin Aff., Exs. F, H.)

Ali does not dispute that he is not the legal owner of the properties at issue in this dispute. Nor does he contend that he holds any lawful beneficial interest in the limited liability companies that own the properties. Rather, he asserts that he did not legally transfer ownership of the properties to the limited liability corporations because none of the transactions were "arms-length." (Opp'n Brs. at 1-2.)

## Discussion

The standing inquiry, which "focuses on whether the plaintiff is the proper party to bring [the] suit," will "'often turn[ ] on the nature and source of the claim asserted.'" *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975)). The standing requirement has both constitutional and prudential components. *See Warth*, 422 U.S. at 498–500. As a constitutional matter,

> [t]he plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent," not "conjectural" or "hypothetical." Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third it must be likely, as opposed to merely "speculative" that the injury will be redressed by a favorable decision.

*Lujan*, 504 U.S. at 560–61 (quotation marks, ellipses, and citations omitted)). In addition, "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth*, 422 U.S. at 499.

5

Here, in his complaints, Plaintiff states that he owns each of the properties at issue and suffered injuries as a result of the municipal defendants' unconstitutional conduct. However, municipal defendants have submitted, in support of their Rule 12(b)(1) motion, an attorney affidavit affixing a copy of the last recorded deed for each of the properties at issue, which contradict the facts pleaded in the complaints and seem to establish that a number of limited liability corporations, and not Plaintiff, were the legal owners of the properties at issue during the relevant time period. In his opposition papers, Plaintiff does not deny that he is not technically the owner of any of the properties at issue. Rather, he suggests that he nevertheless has standing because the transactions in which he transferred ownership over the properties to the limited liability companies were not "arms length." Plaintiff appears to be arguing that he transferred these properties to the limited liability corporations in sham transactions – presumably to obtain the various benefits of that corporate form – and now asks this Court to disregard those transactions.

Regardless, in his opposition papers, Plaintiff has not submitted any evidence establishing any legally cognizable relationship with the limited liability companies that own the properties at issue nor has he demonstrated that he *personally* suffered any legally cognizable injury as a result of municipal defendants' conduct. As he does not deny that he is not the owner of the properties at issue, this Court is inclined to consider the recorded deeds as conclusive of the question of ownership and grant the municipal defendants' motion. *See Warth*, 422 U.S. at 504 (finding plaintiffs lacked standing to challenge ordinance because "none of [the plaintiffs] ha[d] a present interest in any [property subject to the ordinance]; none [was] himself subject to the ordinances strictures; and none ha[d] even been denied a variance or permit by respondent officials."); *W.R. Huff Asset Mgmt.*, 549 F.3d at 108 ("[T]he minimum requirement for an injury-

in-fact is that the plaintiff have legal title to, or a proprietary interest in, the claim."); *Wright-Upshaw v. Nelson*, No. 13-CV-3367 ARR LB, 2014 WL 692870, at *3-4 (E.D.N.Y. Feb. 19, 2014) ("Plaintiff lacks standing as an individual to raise these claims for injury to the organization ... [where] plaintiff has not alleged any personal financial losses other than those stemming from the organization's losses."); *Blakely v. Cardozo*, No. 07 Civ. 3951 DLC, 2007 WL 2702241, at *3 (S.D.N.Y. Sept. 17, 2007) (finding that plaintiff lacked standing to challenge foreclosure because corporation, not plaintiff, was the property's legal owner); *Van Lokeren v. City of Grosse Pointe Park, Mich.*, No. 13-14291, 2014 WL 988965, at *6 (E.D. Mich. Mar. 13, 2014) ("Because Plaintiff lacks a cognizable property right in the building at issue, he has not demonstrated an injury-in-fact and he therefore lacks standing."); *But see Cunney v. Bd. of Trustees of Vill. of Grand View*, No. 08-CV-9507 KMK, 2014 WL 5025957, at *15-17 (S.D.N.Y. Sept. 29, 2014) (finding plaintiff who "*personally* suffered various forms of 'financial loss,'" had standing to challenge zoning law, although he did not own the property, where plaintiff was "one of the owners of Gladstone[, the limited liability company that owned the property] ... [a]nd Plaintiff himself, not Gladstone, applied for the CO that Defendants unconstitutionally denied.") (emphasis in original).

The Second Circuit Court of Appeals has explained that "once the Defendants' motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) put[s] the Plaintiff[']s[] Article III standing in issue, the District Court has leeway as to the procedure it wishes to follow." *Alliance For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 87-89 (2d Cir. 2006). The Circuit explained that "[a]fter limited discovery on the jurisdictional issue, the matter might be appropriate for resolution on motion supported by affidavits, or, if a genuine dispute of material fact exists, the Court may conduct a hearing limited to Article III standing." *Id.* (citations

7

omitted); see also Id. n.7 ("The presentation of affidavits on a motion under Rule 12(b)(1), however, does not convert the motion into a motion for summary judgment under Rule 56."). Here, no discovery is necessary because any evidence Plaintiff might have proving that he is the owner of the properties at issue or otherwise suffered a legally cognizable injury as a result of municipal defendants' conduct is already within Plaintiff's possession. Thus, this Court intends to resolve this issue "on motion supported by affidavits," as permitted by the Second Circuit. *Id.* **In light of Plaintiff's *pro se* status, out of an abundance of caution, the Court hereby grants Plaintiff until November 17, 2014 to submit evidence establishing that he has standing to pursue claims in connection with the properties at issue. If Plaintiff does not respond or does not submit adequate evidence, the matter will be dismissed for lack of standing.**

**SO ORDERED**

/s/ Sandra L. Townes
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
/SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
November 4, 2014