UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
AKHTAR ALI,

                             Plaintiff,                    **MEMORANDUM & ORDER**

                     - against -                   14-CV-00312 (SLT) (CLP)

NEW YORK CITY ENVIRONMENTAL CONTROL
BOARD, NEW YORK CITY DEPARTMENT OF
BUILDINGS, NEW YORK CITY HOUSING
PRESERVATION AND DEVELOPMENT and
NEW YORK CITY OFFICE OF THE MAYOR,

                            Defendants.
-------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 1 6 2015 ★
BROOKLYN OFFICE

**TOWNES, United States District Judge,**

      *Pro se* plaintiff Akhtar Ali ("Plaintiff" or "Ali") commenced two actions (14-CV-00312 and 14-CV-00313) pursuant to 42 U.S.C. § 1983 on January 15, 2014, against various municipal entities and a private construction company. The Complaints alleged Plaintiff's Constitutional rights were violated by improper actions taken by the various defendants against properties located on Jamaica Avenue in Queens County, New York. In an order dated November 4, 2014, the Court explained that it appears that Plaintiff lacks standing to bring either action, but out of an abundance of caution, in light of Plaintiff's *pro se* status, declined to immediately dismiss the actions. (Mem. and Order, Nov. 4, 2014, Doc. 18.) Instead, the Court directed Plaintiff to submit evidence by November 17, 2014 establishing that he has standing to pursue the actions. On Monday, November 17, 2014, Plaintiff submitted a response to the United States District Court for the Eastern District of New York Office of the Pro Se. (Letter from Akhtar Ali, Nov. 17, 2014, Doc. 19.) Unfortunately, Plaintiff's submission was not docketed on the Court's Electronic Case Management System or otherwise transmitted to the undersigned until Friday,

November 21, 2014. By that time, this Court had already dismissed Plaintiff's action for failure to respond to the Court's November 4, 2014 order. (Mem. and Order, Nov. 19, 2015, Doc. 21.)

Plaintiff moved to reopen the case on November 26, 2014. (Mot. to Reopen Case, Nov. 26, 2014, Doc. 23.) In a memorandum and order dated December 2, 2014 (the "December 2, 2014 M&O" or the "M&O"), the Court granted Plaintiff's motion to reopen, construed the evidence submitted by Plaintiff in his November 17, 2014 submission, but nevertheless dismissed both actions for lack of standing, finding Plaintiff's submission insufficient. (Dec. 2, 2014 M&O, Doc. 25, at 12.)

Shortly thereafter, the undersigned came into possession of a different version of Plaintiff's November 17, 2014 submission that included one page, previously unseen, purporting to be a lease for the premises giving rise to the claims in the 14-CV-00312 action, naming Plaintiff as lessee for the relevant time period. Accordingly, by order dated December 5, 2014, this Court partially vacated the December 2, 2014 M&O as to 14-CV-00312 only[1], and granted New York City Environmental Control Board, New York City Department of Buildings, New York City Housing Preservation and Development, and New York City Office of the Mayor (collectively "Defendants"), a chance to be heard on whether Plaintiff has standing as a lessee to pursue the claims in that action. (Order, Dec. 5, 2014, Doc. 27, ¶ 4.) Defendants submitted a letter memorandum, dated January 5, 2015, to which Plaintiff responded by letter dated January 9, 2015. (Letter from Defendants, Jan. 5, 2015, Doc. 28; Letter from Akhtar Ali, Jan. 9, 2015, Doc. 29.) For the reasons explained below, Plaintiff lacks standing and the Complaint is dismissed.

---

[1] The December 2, 2014 M&O was not vacated with respect to the dismissal of 14-CV-00313 because Plaintiff did not contest that he lacked standing to bring that action, and agreed to withdraw those claims. (14-CV-00313, Letter from Akhtar Ali, November 17, 2014, Doc. 25, at 4.)

I. **BACKGROUND**[2]

   a. **The December 2, 2014 M&O**

The December 2, 2014 M&O comprehensively analyzed Plaintiff's standing to bring the 12-CV-00312 action, which alleges due process claims arising out of an allegedly improper building violation issued to Mohammedi Property Management, LLC, for structural and other issues at a building located at 97-19 Jamaica Avenue in Queens (the "Property"). Taking into account the pleadings, the parties' motion to dismiss papers, Plaintiff's motion to reopen the case, and a version of Plaintiff's November 17, 2014 submission, the M&O concluded that Plaintiff did not have standing to bring the action for four reasons.

First, the M&O noted that "[i]t is undisputed that the building is owned by Mohammedi Property Management, LLC." (Dec. 2, 2014 M&O, Doc. 25, at 9.) Because Ali is not the Property's owner, and because the allegedly improper building code violation and property tax bills are addressed to Mohammedi Property Management, LLC. ("Mohammedi"), the only party with standing to pursue claims arising out of the alleged improprieties is Mohammedi.

Second, the M&O analyzed whether Plaintiff has standing to pursue the claims in the Complaint as the Property's lessee, but concluded he did not for two reasons. One, even assuming Ali did lease the Property, his possessory interest in the building would permit him to bring claims against the Property's owner, Mohammedi, for being out of possession of the Property for six years. Being a lessee would not impart standing on Plaintiff to pursue Mohammedi's due process claims stemming from the violation issued to Mohammedi. (*Id.*) And two, Plaintiff failed to establish that he was in fact the lessee of the Property. (*Id.*, at 10.) In the absence of a lease, the M&O noted that the only evidence in the record to support this

---

[2] Familiarity with this Court's previous orders is assumed. (Nov. 4, 2014 M&O, Doc. No. 18; Dec. 2, 2014 M&O, Doc. No. 25.) Only relevant background is described here in detail.

3

claim—water bills for the Property in Ali's name—did not establish a lessor-lessee relationship between Mohammedi and Plaintiff. Rather, they suggest Ali paid the bills in his capacity as a member of the limited liability company. Importantly, the M&O noted Plaintiff's allegation he has standing as a lessee contradicts Plaintiff's previous position that he owns the Property. Although Ali admits he sold the Property to Mohammedi in 2005, Ali maintains that the sale was not "arms-length," that he controls the Property, and he is the injured party. (*See, e.g.*, Plaintiff's Response to Motion to Dismiss, Doc. 16-5, at 3.) Thus, the M&O concluded Ali has no standing as a lessee.

Third, the M&O explained that Plaintiff also does not have standing in his capacity as a member of the limited liability company that owns the Property. (Dec. 2, 2014 M&O, Doc. 25, at 10-11.) As a member of the limited liability company, Ali's injury is derivative of the injury to Mohammedi; Ali did not suffer any personal injury sufficient to impart individual standing.

Fourth, and finally, the M&O explained that Plaintiff's interest in Mohammedi did not give Ali the ability to represent the limited liability company *pro se* because limited liability companies must be represented by counsel. (*Id.*, at 11.) Therefore, the 14-CV-00312 Complaint was dismissed for lack of standing.

### b. The Alternative November 17 Submission

The alternative version of Plaintiff's November 17 submission contains a one page document purporting to be a lease between Mohammedi and Plaintiff for the Property, signed by Samina Ali on behalf of Mohammedi as lessor, and Ali for himself as lessee, hereinafter the "Lease."[3] (Doc. 27, ex. 1, at 4.) The substantive portion of the Lease states in its entirety:

---

[3] The Lease is the only page in the alternative November 17, 2014 submission that was not previously included in the original November 17, 2014 submission. (*Compare* Doc. 27, ex. 1, with Doc. 19.)

4

> This lease is between Mohammedi Property Management, LLC and Akhtar Ali for the property located at 97-19 Jamaica Avenue, Woodhaven, NY 11421.
>
> Akhtar Ali has been paying the water bill for the property at 97-19 Jamaica Avenue, Woodhaven, NY 11421 and paying for all of its upkeep. The water bill has also been on his name. Due to this, his previous ownership of the property, and his continuing to pay the bill even when the building is closed, although there are large amounts of money charged, Mohammedi Property Management LLC is leasing the property to Akhtar Ali. The lease of this property is effective from 01/01/2007 and will last until 01/01/2020.
>
> Whatever amount of upkeep, including the water bill, has been spent on the building is considered to be the rent that is due. Future rent will be decided and paid when the building is free from the present crisis and it can be used.

(*Id.*) Aside from the above text, the document contains only: a heading with Mohammedi's address, the previously mentioned signatures, and a notary's stamp, initialed and dated November 15, 2014. (*Id.*)

In light of the appearance of the Lease, out of an abundance of caution, the Court vacated the December 2, 2014 M&O with respect to the dismissal of 14-CV-00312 only and gave the parties an opportunity to be heard on the issue of standing in light of the new document. (Order, Dec. 5, 2014, Doc. 27, ¶¶ 2, 4.) Both parties submitted supplementary letters addressing the Lease. In their letter brief, Defendants argue that the December 2, 2014 M&O dismissing the Complaint should be reinstated for three primary reasons. (Letter from Defendants, Jan. 5, 2015, Doc. 28.) First, Plaintiff was not named in the challenged violation, nor did he ever seek to intervene in the New York City Environmental Control Board proceeding that followed and resulted in civil penalties to Mohammedi. Plaintiff's status as a tenant does not impart standing on Ali to challenge violations and fines that are not assessed against him. Second, Defendants point out that, at the time the violation was issued, the Property was leased to someone other than Plaintiff. Indeed, the Complaint itself details that the building was occupied at the time of the violation through the date of its closure by a deli. (Complaint, Doc. 1, ¶ 4.) According to the

5

Complaint, the tenant was responsible for maintaining the building "in a sanitary and safe manner," and "it was his responsibility and his contractual duty to take care of the property, as per the lease agreement" with the owners of the Property. (*Id.*) Thus, Defendants explain, Plaintiff could not have been the lessee of the Property at the time of the challenged violation and the building closure. Third, Defendants argue that the Lease is "newly created," lacks "normal indicia of a valid and enforceable lease," and is invalid under New York law as a result of various deficiencies in its terms. As a result, the Lease did not convey any tenancy rights to Ali for the relevant time period, and thus does not affect his lack of standing to bring the instant action.

Ali, in his response to Defendants' letter, concedes that the Property was occupied by a deli pursuant to a lease at the relevant time, but nevertheless insists that he is, "via a valid lease, the injured party in this case." (Letter from Akhtar Ali, Jan. 9, 2014, Doc. 29.) Ali also renews his argument that his sale of the Property to Mohammedi was a sham, that "the intent was to maintain control of the property," and that "[t]he lease proffered is mere documentation to indicate that Akhtar Ali is in full possession of the property." (*Id.*, at 1.)

## II. **DISCUSSION**

At the outset, the Court acknowledges the path to resolution has been far from smooth for Plaintiff, as the docket shows. Nevertheless, considering all the submissions, including the alternative November 17 submission containing the Lease, Plaintiff has failed to "affirmatively and plausibly suggest" that he has standing to bring this action. *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011); *Cortlandt St. Recovery Corp. v. Hellas Telecommunications, S.a.r.l*, 790 F.3d 411, 417 (2d Cir. 2015)(on a motion to dismiss, "[t]he

plaintiff bears the burden of 'alleg[ing] facts that affirmatively and plausibly suggest that it has standing to sue.'")(*quoting Amidax*, 671 F.3d at 145)(alterations in original).

"Standing must be assessed under the facts existing when the complaint is filed." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 569 n.4 (1992). "Because lack of standing is a jurisdictional defect, a corollary of this rule is that courts cannot consider any amendments to the initial complaint or any post-filing assignments to plaintiffs to determine whether plaintiffs have standing." *Clarex Ltd. v. Natixis Sec. Am. LLC*, No. 12-CV-722 (PAE), 2012 WL 4849146, at *5-6 (S.D.N.Y. Oct. 12, 2012)(post-filing assignment with retroactive pre-filing effective date did not confer standing on plaintiffs); *Hirsch v. Qingdao Orien Commercial Equip. Co.*, No. 12-CV-952 (RRM), 2015 WL 1014352, at *11 (E.D.N.Y. Mar. 6, 2015)(post-filing stipulation did not cure defects in pre-filing assignment, which was insufficient to confer standing on company's principal to pursue company's claims); *see also Fenstermaker v. Obama*, 354 F. App'x 452, 455, n. 1 (2d Cir. 2009)(declining to consider documents establishing a post-filing relationship in support of third-party standing). Thus, whether or not the lease is valid, enforceable, and in any way transferred a possessory interest in the Property from Mohammedi to Plaintiff is irrelevant if the Lease was signed after the Complaint was filed. In order to have standing as a lessee of the Property, Plaintiff must have been a lessee as of January 15, 2014.

It is apparent from the face of the Lease that this document was drafted and signed recently. The notary's stamp, initialed and dated November 15, 2014, is compelling evidence that the Lease was signed on that date. No other date appears on the Lease otherwise indicating what date it was signed or drafted. Nor is there anything else in the document that would require notarization except for the signatures. Equally important, Plaintiff made no mention of any lease from the time of filing until after the November 4, 2014 Memorandum and Order explaining the

issues Ali faces because he is not the Property's owner. (*See* Letter, Nov. 17, 2014, Doc. 19 (asserting for the first time that Plaintiff is the Property's lessee.))

The text of the Lease itself clearly indicates it was drafted well after the building was closed in January 2008. The language indicating Plaintiff has spent "large amounts of money" to upkeep the Property "even when the building is closed," could not have been drafted until after the relevant time period. It admittedly could have been drafted and signed before the filing of the Complaint, but there is nothing in the record contradicting the November 15, 2014 date indicated by the notary's stamp, or even suggesting an alternative date of signing. Indeed, despite several pointed assertions by Defendants in their supplemental letter that the Lease was an improper attempt to "retroactively create a lessor-lessee relationship seven years after the fact," Ali fails to deny that the Lease was signed in the course of litigation. (Doc. 28, at 1.) Instead, Plaintiff continues to maintain that his sale of the Property to Mohammedi was a sham, that he is the true owner of the Property, and that the Lease is "mere documentation to indicate that Akhtar Ali is in full possession of the property." (Doc. 29, at 1.)

As the Complaint and the supplemental letters further show, there is no dispute that at least part of the Property was rented by someone other than Ali at the time the violation and building closure occurred, pursuant to a lease agreement. The existence of a different lease for the same premises covering the same time period, and pursuant to which a different tenant resided at the Property, raises further questions about the origins of the instant Lease and the circumstances of its drafting.

In short, there is nothing in the record that "affirmatively and plausibly" suggests that Ali was a lessee of the property at the time the Complaint was filed. The only conclusion to be drawn is that the Lease was signed on November 15, 2014 in an attempt to bestow standing on

Ali after it became apparent from the November 4, 2014 Order that, because he is not the owner of the Property, he cannot pursue claims that belong to Mohammedi.

As the Lease was signed on November 15, 2014, eleven months after the Complaint was filed, it has no effect on Plaintiff's standing as of January 15, 2014. *See Lujan*, 504 U.S. 555, 569 n.4; *Comer v. Cisneros*, 37 F.3d 775, 791 (2d Cir. 1994) ("standing is measured as of the time the suit is brought.") Moreover, because the Lease may not be considered in the Court's standing analysis, the reasoning and conclusions of the December 2, 2014 M&O (drafted without the benefit of the Lease), finding Plaintiff lacks standing, remain sound.

### III. CONCLUSION

Therefore, for the reasons stated above and in the December 2, 2014 M&O, Plaintiff lacks standing to pursue the instant action. Accordingly, the case is dismissed. The Clerk of Court is respectfully directed to enter judgment and close the case.

**SO ORDERED**

/s/ *Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge

Dated: November , 2015
Brooklyn, New York

9